UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Saddam Samaan Daoud Samaan, | Case No. 25-cv-0449 (ECT/DLM) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| The City of Columbia Heights, The Columbia Heights Police Department, Matt Markham, Paul Bonesteel, Justin Pletcher, and Other Unknown Law Enforcement, | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Saddam Samaan Daoud Samaan's Motion for Judgment for Civil Rights Violation under 42 U.S.C.S. § 1983 (Doc. 1 ("Complaint")) and Application to Proceed Without Prepaying Fees or Costs (Doc. 3 ("IFP Application")). For the reasons below, the Court recommends dismissing the action and denying the IFP Application as moot.

In October 2016, a grand jury indicted Mr. Samaan for conspiring to commit bank fraud (in violation of 18 U.S.C. § 1349). (*See* Indictment 10–11, *United States v. Samaan*, No. 16-CR-0265(6) (ADM/HB) (D. Minn. Oct. 4, 2016).[1]) A superseding indictment added

---

[1] Materials from Mr. Samaan's prosecution do not appear in this action's docket, but the Court may take judicial notice of public court records. *See, e.g., Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Smith v. Gordon*, No. 24-CV-2714 (JMB/SGE), 2024 WL 4444731,

a charge of aggravated identity theft (under 18 U.S.C. § 1028A). (*See* Second Superseding Indictment 11–12, *United States v. Samaan*, No. 16-CR-0265(6) (ADM/HB) (D. Minn. May 2, 2017).) In October 2017, a jury convicted Mr. Samaan on both counts. (*See, e.g.*, Verdict 1, *United States v. Samaan*, No. 16-CR-0265(6) (ADM/HB) (D. Minn. Oct. 30, 2017).)

Mr. Samaan was sentenced to 87 months in prison, followed by five years of supervised release. (*See, e.g.*, J. in a Crim. Case 2–3, *United States v. Samaan*, No. 16-CR-0265(6) (ADM/HB) (D. Minn. Apr. 24, 2018).) He challenged the resulting judgment through a direct appeal and a motion under 28 U.S.C. § 2255; both were unsuccessful. *See United States v. Sesay*, 937 F.3d 1146, 1149 (8th Cir. 2019) (direct appeal); *Samaan v. United States*, No. 21-3131, 2022 WL 841046, at 1 (8th Cir. Jan. 28, 2022) (denial of certificate of appealability for § 2255 motion). Mr. Samaan states that after serving his sentence, he was taken into U.S. Immigration and Customs Enforcement ("ICE") custody and is now being detained in Arizona. (*See* Compl. 7.)

The Complaint, invoking 42 U.S.C. § 1983, alleges violations of Mr. Samaan's Fourth Amendment rights. (*See id.* at 1.) Specifically, he claims that in 2012, Columbia Heights police officers unlawfully obtained a hotel guest registry without a warrant or probable cause, ultimately leading to his arrest and conviction in No. 16-CR-0265(6). (*See, e.g.*, *id.* at 2–3, 7–8.) He seeks $10 million in damages for his incarceration, emotional distress, and "adverse immigration consequences." (*Id.* at 8.)

---

at *1 n.1 (D. Minn. Oct. 8, 2024) (citing cases), *report and recommendation adopted*, 2024 WL 4870383 (D. Minn. Nov. 22, 2024).

Instead of paying this action's filing fee, Mr. Samaan submitted the IFP Application. That filing suggests that as a financial matter, he may well qualify for *in forma pauperis* ("IFP") status. But under federal law, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [an IFP matter] at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B).

Mr. Samaan's claims here face a dispositive obstacle in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* established a "favorable termination" requirement, under which:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486–87 (footnote and citation omitted); *see also, e.g.*, *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (quoting *Heck*).

It is obvious from the Complaint's face that any success Mr. Samaan might reach in this action would undercut his earlier criminal conviction. And nothing in the Complaint suggests any favorable termination of that conviction. *Heck* therefore bars this action. As a result, the Court recommends dismissing this matter without prejudice under 28 U.S.C. § 1915(e)(2) and denying the IFP Application as moot.

## RECOMMENDATION

Based on the foregoing and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff Saddam Samaan Daoud Samaan's Motion for Judgment for Civil Rights Violation Pursuant to 42 U.S.C.S. § 1983 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2).

2. Mr. Samaan's Baker's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) be **DENIED**.

Date: February 28, 2025

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).